# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHELTON OLIVER, DONNIE BAKER and KHADER MOHIUDDIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Civil Action No. 2:17-cv-12979-CCC-MF<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**WHEREAS**, pursuant to Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the settlement of this action pursuant to the settlement agreement fully executed on or about July 14th, 2020 (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

**WHEREAS**, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

**NOW, THEREFORE, IT IS ON THIS 21 DAY OF AUGUST, 2020, ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement, and all terms used in this Order shall have the same meanings as set forth in the Settlement.

2. The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All current (as of the Effective Date) and former owners and lessees in the United States of certain of the following U.S.-specification BMW vehicles registered and operated in the United States, the District of Columbia, and Puerto Rico:

| Model Years | Models |
| --- | --- |
| 2008-2013 | 135i |
| 2007-2013 | 335i, 335i xDrive, 335is Convertible |
| 2008-2016 | 535i, 535i xDrive, 535i Active Hybrid, |
| 2012-2017 | 640i, 640i xDrive |
| 2010-2015 | 740i, 740Li |
| 2012-2015 | X1 3.0si |
| 2011-2017 | X3 xDrive |
| 2015-2018 | X4 xDrive,  X4 M40i |
| 2007-2013 | X5 3.0si, X5 xDrive30i , X5 xDrive |
| 2008-2019 | X6 sDrive, X6 xDrive |
| 2009-2016 | Z4 sDrive |

> ***Model Years and Models are not fully indicative of actual Class Vehicles, which depends on production date.***

4. Excluded from the Class are: Defendant, as well as Defendant's affiliates, employees, officers, and directors, attorneys, agents, insurers, third-party providers of extended warranty/service contracts, franchised dealers, independent repair/service facilities, fleet owners and operators, rental companies and vehicles, the attorneys representing Defendant in this case, the Judges and Mediator to whom this case is assigned and their immediate family members, all persons who request exclusion from (opt-out of) the Settlement, vehicles purchased from salvage yards, vehicles with a salvage title or deemed a total loss, anyone claiming personal injury or property damage other than to a Class Vehicle or through subrogation, all persons who previously

released any claims encompassed in this Settlement, and vehicles registered or transported outside the United States.

5. The Court appoints Kantrowitz, Goldhamer & Graifman, P.C. and Thomas P. Sobran, Esq. as Settlement Class Counsel for the Settlement Class. Any Settlement Class Member may enter an appearance in the action, at his, her, or its own expense, either individually or through counsel. However, if they do not enter an appearance, they will be represented by Settlement Class Counsel.

6. The Court appoints Plaintiffs Shelton Oliver, Donnie Baker, and Khader Mohiuddin as Settlement Class Representatives.

7. The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks relating to further litigation. It further appears that extensive and costly investigation, research, and discovery have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral.

8. The Court approves the form and content of the Settlement Class Notice (Exhibit A to the Settlement Agreement) and Claim Form (Exhibit B to the Settlement Agreement). The Court finds that the mailing of the Settlement Class Notice in the manner set forth in the Settlement, as well as the establishment of a settlement website and toll-free number, satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to Settlement Class Notice. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate.

9. The Court directs that, if they have not already done so, Defendant's Counsel shall provide notice under the Class Action Fairness Act, 28 U.S.C. § 1715 to the States' Attorneys General within ten (10) days from the date of this Order.

10. The Court appoints Rust Consulting as the Claims Administrator. The Claims Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including:

   a. Establishing, maintaining, and administering a website, on or before November 7, 2020 (seventy-five (75) days after this Order) dedicated to the Settlement which (i) will provide information about the Settlement, including all relevant documents and (ii) will provide a means by which Settlement Class Members may submit their claims by U.S. Mail or through an online portal on the website.

   b. Disseminating Settlement Class Notice on or before November 22, 2020 (ninety (90) days after the date of this Order) by:

      i. Individual direct mail (first class) notice regarding the Settlement will be sent to all current and former owners and lessees of Class Vehicles using BMW NA's

database and information from state motor vehicle agencies obtained by Experian Information Solutions, Inc. or similar provider; and

        ii.     Publication on a website to be established and maintained by the Claims Administrator.

11.    If Settlement Class Members do not wish to participate in the Settlement Class they may exclude themselves. All requests to be excluded from the Settlement Class must be in writing, sent to the Claims Administrator at the addresses set forth in the Settlement Class Notice, and postmarked on or before the Opt-Out Deadline, which is January 8, 2021 (one hundred and thirty (130) days after the date of this Order).

    a.    Any request for exclusion must (1) state the Settlement Class Member's full name and current address; (2) identify the model year, model, and Vehicle Identification Number ("VIN") of his/her Class Vehicle(s) and the date(s) of purchase or lease; and (3) specifically and clearly state his/her desire to be excluded from the Settlement and from the Settlement Class. No Request for Exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against BMW NA and other Released Persons.

12.    Any Settlement Class Member who has not previously submitted a Request for Exclusion may object to the Settlement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement Agreement.

    a.    The following information must be provided in the Settlement Class Member's written objection: (1) his/her full name, current address, and current telephone number;

(2) the model year and model of his/her Class Vehicle(s), as well as the VIN of his/her Class Vehicle(s) and the date(s) of purchase or lease; (3) whether the objection applies only to the objecting Class Member, to a specific subset of the Class, or to the entire Class; (4) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (5) provide copies of relevant repair history or other proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); and (6) any other documents that the objector wishes to submit in support of his/her position. To be valid, an objection also must include a detailed statement of each objection asserted, including the grounds for objection. In addition, any Settlement Class Member objecting to the Settlement must provide a detailed statement of any objections to any other class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she must affirmatively so state in the written materials provided in connection with the objection to this Settlement.

    b.  All objections and requests to appear at the Final Approval Hearing must be in writing, sent to the Clerk of this Court, the Claims Administrator, Settlement Class Counsel, and Defendant's Counsel at the addresses set forth in the Settlement Class Notice.  All objections and requests to appear must be postmarked on or before January 8, 2021 (one hundred and thirty (130) days after the date of this Order).

  13.  Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from

objecting to the fairness, reasonableness, or adequacy of the proposed settlement and any judgment approving the settlement.

14. Settlement Class Counsel shall file their motion for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments by December 2, 2020 (one hundred (100) days after the date of this Order).

15. Settlement Class Counsel shall file their Final Approval Motion by January 23, 2021 (one hundred and forty five (145) days after the date of this Order).

16. At least ten days before the Final Approval Hearing, Defendant shall file an affidavit from the Claims Administrator (i) indicating the number of claims, requests for exclusion, and objections submitted by Settlement Class Members to date; and (ii) attesting that Settlement Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement and the Class Action Fairness Act, 28 U.S.C. § 1332(d), or those otherwise required by the Court.

17. The Court hereby schedules the Final Approval Hearing for February 18, 2021 at 10:00 a.m. (not less than one hundred and sixty (160) days after the date of this Order). The Final Approval Hearing will take place in the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102, to determine whether the proposed Settlement should be approved as fair, adequate, and reasonable, and whether a judgment should be entered approving the Settlement, and whether Settlement Class Counsel's application for attorneys' fees, expenses and Settlement Class Representative Service Payments should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

8

18. Settlement Class Members shall have until the later of thirty (30) days after entry of the Final Approval Order or the Effective Date of the Settlement to submit Claim Forms.  Claim Forms must be postmarked by that date to be considered timely.

_____
Honorable Mark Falk
United States Magistrate Judge